1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JESSE STEPHEN KING,

11            Petitioner,                    No. 2:11-cv-1728 KJN P

12        vs.

13   MIKE McDONALD,

14            Respondent.                    ORDER

15   _____/

16            Petitioner, a state prisoner proceeding without counsel or "pro se," has filed an

17   application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not,

18   however, filed an in forma pauperis affidavit or paid the required filing fee.  See 28 U.S.C.

19   §§ 1914(a); 1915(a).

20            Moreover, it appears petitioner is raising a condition of confinement claim rather

21   than a habeas corpus claim.  Challenges to the fact or duration of confinement are properly raised

22   in habeas corpus applications; challenges based on the circumstances of confinement are brought

23   as civil rights violations under 42 U.S.C. § 1983.  Muhammad v. Close, 540 U.S. 749, 750

24   (2004).  Here, petitioner is alleging prison officials have failed to reimburse petitioner the sum of

25   $300.00 for the alleged theft of prescription glasses, which amount was apparently recommended

26   to be paid to petitioner by the Victim Compensation and Government Claims Board.  Petitioner

1

1  alleges, without explanation, that guards added the sum of $10.09 to the $300.00 amount, and

2  states petitioner was directed to submit his claim to the Director's level of review for payment,

3  but claims petitioner was never paid.  Petitioner alleges the appeals office would not complete

4  the processing of the appeal and have petitioner's trust account reimbursed.  The appeal was

5  cancelled on November 18, 2002.  (Dkt. No. 1 at 21.)  Petitioner alleges his mother tried to get

6  the money paid without success.

7         However, the documents appended to the petition reflect that on April 26, 2001,

8  petitioner refused to sign the CDC 813, Inmate Board of Control Claim Release form.  Petitioner

9  was informed:  "In accordance with the Government Code Section 965, a CDC 813 BOC Form

10 must be signed prior to release of reimbursement funds to the claimant.  Therefore the $300.00

11 was not placed into [petitioner's] trust account."  (Dkt. No. 1 at 26.)  On June 19, 2002,

12 petitioner was reminded of his refusal to sign form CDC 813, and informed that petitioner could

13 contact the Appeals Coordinator if petitioner had further questions about the release form.  (Id.)

14 By letter issued July 2, 2002, the Inmate Appeals Branch informed the Appeals Coordinator that

15 although reimbursement was granted during the appeal process, petitioner had not yet received

16 reimbursement.  (Dkt. No. 1 at 27.)

17        First, petitioner is advised that if he proceeds with this court action, he will be

18 required to pay the $350.00 filing fee.  Even if petitioner is granted leave to proceed in forma

19 pauperis, he will be assessed an initial partial filing fee of 20 percent of the greater of:  (a) the

20 average monthly deposits to plaintiff's trust account; or (b) the average monthly balance in

21 plaintiff's account for the 6-month period immediately preceding the filing of this action.  28

22 U.S.C. § 1915(b)(1).  The balance will then be deducted from petitioner's inmate trust account in

23 increments, based on petitioner's balance.  Because petitioner is seeking restitution in the amount

24 of $300.00, this is not a cost-effective way for petitioner to proceed.

25        Second, the instant action is time-barred.  California law determines the

26 applicable statute of limitations in a 42 U.S.C. § 1983 action.  See Wilson v. Garcia, 471 U.S.

1   261 (1985) (federal law governs characterization of a section 1983 claim for limitations

2   purposes), superseded by statute as stated in Jones v. R.R. Donnelley & Sons, Co., 541 U.S. 369

3   (2004).  Until December 31, 2002, the applicable state limitations period was one year.  See

4   Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citation omitted) (new California statute

5   lengthening limitations period did not apply retroactively to civil rights claims).[1]  Effective

6   January 1, 2003, the applicable California statute of limitations was extended to two years.  See

7   Jones, 393 F.3d at 927 (citing Cal. Civ. Proc. Code § 335.1).  California law also tolls for two

8   years the limitations period for inmates "imprisoned on a criminal charge, or in execution under

9   the sentence of a criminal court for a term less than for life."  Cal. Civ. Proc. Code § 352.1.[2]

10          Petitioner completed the second level review on April 20, 2001.  (Dkt. No. 1 at

11  25.)  Whether petitioner exhausted his third level review in 2001 or 2002, the instant petition was

12  filed too late.  Liberally construing the application of the limitations period, petitioner should

13  have filed the instant action in 2005 or 2006.  Given the length of time that has passed, it is

14  unlikely petitioner would be entitled to equitable tolling for all of that time frame.  Therefore,

15  even if petitioner opted to incur the $350.00 filing fee to proceed with this action, he risks early

16  dismissal of this action, without relief, based on the untimely filing.[3]

17          In an abundance of caution, the petition for writ of habeas corpus is dismissed and

18  petitioner is granted leave to file a civil rights complaint.  However, petitioner may avoid

19

20      [1] Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period
begins to run.  Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Under federal
21  law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury
which is the basis of the action.'"  Id. (citations omitted).

22

23      [2] "The California courts have read out of the statute the qualification that the period of
incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling."
Jones, at 927 n.5 (citations omitted).

24

25      [3] On January 2, 2009, the Kings County Superior Court noted petitioner's claims had been
pending since April 2001, and that petitioner's 2008 petition for writ of habeas corpus was
unsuccessful. (Dkt. No. 1 at 32.)  The Kings County Superior Court denied the petition was
26  successive and untimely. (Id.)

3

1   incurring the $350.00 filing fee by opting to voluntarily dismiss the instant action under Rule

2   41(a) of the Federal Rules of Civil Procedure.

3          Finally, petitioner has requested the appointment of counsel.  The United States

4   Supreme Court has ruled that district courts lack authority to require counsel to represent

5   indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

6   (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

7   counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

8   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

9   court does not find the required exceptional circumstances.  Petitioner's request for the

10  appointment of counsel is therefore denied.

11          In accordance with the above, IT IS HEREBY ORDERED that:

12          1.  Petitioner shall submit, within thirty days from the date of this order, an

13  affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

14  petitioner's failure to comply with this order will result in the dismissal of this action;

15          2.  The petition for writ of habeas corpus is dismissed with leave to amend;

16          3.  The Clerk of the Court is directed to send petitioner a copy of the in forma

17  pauperis form used by this district, as well as the complaint form for bringing a civil rights action

18  under 42 U.S.C. § 1983; and

19          4.  Petitioner's request for the appointment of counsel (dkt. no. 2) is denied.

20  DATED: July 7, 2011

21

22                                                _____
                                                  KENDALL J. NEWMAN
23                                                UNITED STATES MAGISTRATE JUDGE

24  king1728.101a

25

26

4

1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JESSE STEPHEN KING,

11          Petitioner,                          No. 2:11-cv-1728 KJN P

12       vs.

13   MIKE McDONALD,                              NOTICE OF FILING

14          Respondent.

15   _____/

16          Petitioner hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____        Application to Proceed In Forma Pauperis

19          _____        Amended Complaint

20          **OR**

21          _____        I opt to voluntarily dismiss this action pursuant
                                   to Fed. R. Civ. P. 41(a)

22

23   DATED:

24

25                                              _____
                                                Petitioner

26